## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BHCMC, LLC, BOYD GAMING
CORPORATION, and KANSAS
ENTERTAINMENT, LLC,

      **Plaintiffs,**

v.                                                                    Case No. 20-2609-DDC-ADM

POM OF KANSAS, LLC, 34TH STATE
GAMES, LLC, and SC. & N., INC.,

      **Defendants.**

_____

## MEMORANDUM AND ORDER

Defendants removed this case to federal court.  But, after finding that removal was improper, the court granted plaintiffs' Motion to Remand this case back to the District Court of Wyandotte County, Kansas.  *See* Doc. 16 (Memorandum & Order Dated May 12, 2021).  Now, plaintiffs move for attorney's fees in litigating the removal and remand under 28 U.S.C. § 1447(c).  Before the court is plaintiffs' Motion for Attorney's Fees (Doc. 18), defendants' Memorandum in Opposition (Doc. 19), and plaintiffs' Reply (Doc. 20).  Plaintiffs filed their motion on August 31, 2021—111 days after the court's Order remanding the case to state court.  For reasons explained below, the motion is untimely.  The motion also fails to comply with our court's local rules.  And, in any event, the motion fails to demonstrate (as it must) that defendants' basis for removal was objectively unreasonable.  The court thus denies the motion.

### I.   Background

The court assumes familiarity with the procedural background of this case and the court's May 12, 2021 Order on plaintiffs' Motion to Remand.  *See generally* Doc. 16.  In short form,

plaintiffs are three of only four entities approved to manage casinos in Kansas.  They allege that defendants have developed, distributed, and installed an illegal lottery and gambling game called "Dragon's Ascent."  As a result, plaintiffs contend, defendants have circumvented "Kansas's well-regulated gaming program" to reap a profit for themselves.  *Id.* at 3 (quoting Doc. 1 at 51 (Am. Pet. ¶¶ 8–9)).

Plaintiffs filed this action in the District Court of Wyandotte County, Kansas.  They made claims against three defendants for (1) tortious interference with business expectancy; and (2) Kansas common law unfair business practices.  Defendants removed the case to federal court, alleging diversity jurisdiction under 28 U.S.C. § 1332(a)—even though two of the three defendants were not diverse from plaintiffs.  Defendants argued that plaintiffs fraudulently had joined the two non-diverse defendants.  And so, they contended, the court could ignore those defendants for diversity purposes and dismiss them from the case.  Defendants argued the court could do so because plaintiffs had failed to state a claim against the non-diverse defendants.

The court disagreed.  Under the fraudulent joinder standard, defendants had to show that there was "no possibility" that plaintiffs could "establish a cause of action against [the non-diverse defendants] in state court."  *Boyce v. Wal-Mart Stores, Inc.*, No. 16-2221-JWL, 2016 WL 2941339, at *1 (D. Kan. May 20, 2016).  This standard set an especially high bar in this case.  Because plaintiffs asserted two claims against two non-diverse defendants, defendants had to show there was "no possibility" plaintiffs could state *either* claim against *either* defendant under Kansas law.  Defendants couldn't clear that high bar, so the court didn't have diversity jurisdiction.  It thus remanded the case to state court.

## II.     Legal Standard

Plaintiffs seek an award of fees and expenses under 28 U.S.C. § 1447(c).  It allows the court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The decision to award fees and expenses "is left to the district court's discretion[.]"  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005).  But, the Supreme Court has instructed, absent "unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Id.* at 141.  "Conversely, when an objectively reasonable basis exists," the court should deny fees.  *Id.*

## III.    Analysis

Defendants argue that plaintiffs' motion is (1) untimely, (2) fails to comply with our court's local rules, and (3) doesn't establish that defendants' basis for removal was objectively unreasonable.  They're right on all three counts.

### A.     Timeliness Under Fed. R. Civ. P. 54(d)(2)(B)

Fed. R. Civ. P. 54(d)(2)(B) provides that unless "a statute or a court order provides otherwise," a party must file a motion for attorney's fees "no later than 14 days after the entry of judgment[.]"  Fed. R. Civ. P. 54(d)(2)(B)(i).  Here, plaintiffs filed their motion 111 days after the court's remand Order.  Under Rule 54(d)(2)(B) then, plaintiffs' motion is untimely.

But plaintiffs raise an interesting argument resisting that conclusion—one that neither our court nor our Circuit has addressed.  Plaintiffs contend that an order remanding an action to state court after an improper removal is not a judgment.  This argument has some force.  Rule 54 defines a "judgment" as "any order from which an appeal lies."  Fed. R. Civ. P. 54(a).  And a remand order isn't appealable, except in two circumstances that don't apply here.  *See* 28 U.S.C.

3

§ 1447(d) (providing that an "order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise"). Thus, plaintiffs contend, the court's remand Order wasn't a judgment. And so, they argue, Rule 54's 14-day deadline doesn't apply.

Plaintiffs' argument has some general appeal. Our Circuit has explained that where a court doesn't have jurisdiction, it has "no power to rule on any substantive motions *or to enter judgment in the case*." *Cunningham v. BHP Petroleum Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (emphasis added). The remand Order concluded that the court didn't have jurisdiction over the case. So, it would seem, our court couldn't have entered judgment in the case or rule any substantive motions. [1]

But the weight of authority on this specific issue cuts against plaintiffs' position. In this context, the Third Circuit has held that an "order of remand would be regarded as a judgment under Rule 54(d)(2)(B), even though it is not appealable[.]" *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1259 (3d Cir. 1996). This is so, the court reasoned, because the remand order "terminate[s] the matter in the [federal] district court" and "has the same indicia of finality as an appealable order." *Id.*; *see also Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 257 (6th Cir. 1997) (holding that Rule 54(d)(2)(B)'s 14-day requirement applies to "a motion for attorney fees in connection with remand"); *Watson v. Charleston Hous. Auth.*, 83 F. Supp. 2d 709, 710 n.1. (S.D.W. Va. 2000) ("Although there was no judgment in this case, the Court considers the Remand Order to be equivalent to a judgment for the purpose of Rule 54(d)(2)(B).").

---

[1] While our Circuit hasn't addressed the issue, several circuits have concluded that a "district court has jurisdiction to resolve a motion for fees and costs under § 1447(c) after a remand order has issued." *Bryant v. Britt*, 420 F.3d 161, 165–66 (2d Cir. 2005) (collecting cases). *But see id.* at 165 n.4 (declining to "decide whether any such motion must be made within fourteen days of the remand order" under Rule 54(d)(2)(B)).

The only case plaintiffs cite to support their argument—*Don Roos Construction Co. v. Fieldstone Cabinetry, Inc.*, 916 F. Supp. 544 (D. Md. 1996)—also isn't binding authority, and ultimately reveals the practical problems with plaintiffs' position.  In that case, the district court concluded that an "order of remand was not a 'judgment' under federal law" and so Rule 54(d)(2)(B)'s 14-day window hadn't started to run.  *Id.* at 545.  At the same time, the court determined that the motion for attorney's fees wasn't ripe because the state court hadn't entered judgment on the remanded case.  *Id.*  Thus, the court denied the motion without prejudice.  *Id.*

Here, the court concludes that following plaintiffs' approach would establish an open-ended period for a party to request attorney's fees following a remand order.  Also, following the *Don Roos* approach would allow a state court's decisional timeline to dictate when a party could request its removal-related fees in federal court.  The court is reluctant to conclude that the Federal Rules of Civil Procedure contemplate either scenario.  The court thus follows the approach of the Third and Sixth Circuits and treats its May 12, 2021 remand Order as a judgment for the purposes of Rule 54(d)(2)(B).  The court finds more support for this outcome from at least one fellow district court in our Circuit.  *See Bethoney v. Cont'l Cas. Co.*, Civ. No. 05-0050 JP/DJS, 2007 WL 9734242, at *2 n.3 (D.N.M. Apr. 25, 2007).  In sum, the court predicts that the Tenth Circuit, if presented with this question, would follow the Third and Sixth Circuits' guidance and treat a remand order like a judgment for purposes of Rule 54(d)(2)(B).

As a result, Rule 54(d)(2)(B) applies here.  And that rule's escape hatches—allowing a "statute" or "court order" to modify the 14-day deadline, Fed. R. Civ. P. 54(d)(2)(B)—don't provide plaintiffs a safe harbor.  The statute allowing fees doesn't modify the 14-day deadline.  *See* 28 U.S.C. § 1447(c).  Nor does our court's applicable local rule.  *See* D. Kan. Rule 54.2; *see also Rasnic v. FCA US LLC*, No. 17-2064-KHV, 2019 WL 464871, at *3 (D. Kan. Feb. 6, 2019)

("While a court by local rule may modify the 14-day deadline of Fed. R. Civ. P. 54, the District of Kansas has not done so.").  Plaintiffs thus had 14 days from the court's May 12, 2021 remand Order to file their motion for attorney's fees.  But they filed their motion 111 days after the court's remand Order.  So, their motion is untimely.

### B.      Requirements of D. Kan. Rule 54.2

Plaintiffs also failed to comply with the requirements of our court's local rules.  D. Kan. Rule 54.2 provides that a "party who moves for statutory attorney's fees" under "Fed. R. Civ. P. 54(d)(2) must promptly initiate consultation with the other party or parties."  D. Kan. Rule 54.2(a).  If the parties can't agree on a fee award, the moving party must file, "within 30 days" of its motion, a "statement of consultation" and "a memorandum setting forth the factual basis" for the award, including "time records, affidavits, or other evidence."  D. Kan. Rule 54.2(c)–(e).

It's undisputed that plaintiffs haven't done any of those things.  Instead, plaintiffs argue that D. Kan. Rule 54.2 doesn't apply here because, in their view, Fed. R. Civ. P. 54(d)(2) doesn't apply to motions for fees after a remand order.  But, having already concluded that Fed. R. Civ. P. 54(d) applies to plaintiffs' motion, the court concludes that D. Kan. Rule 54.2 applies as well. The court thus rejects plaintiffs' arguments and concludes they have failed to follow our court's local rules for motions for attorney's fees.

Also, the court finds it significant that plaintiffs were on notice of their failure to comply with our court's local rules and didn't address their failure.  In their Reply brief, filed September 28, 2021, plaintiffs noted that under Rule 54.2's 30-day window, "they would have until September 30, 2021 . . . to comply" with that rule's requirements.  Doc. 20 at 3 n.6.  But plaintiffs still haven't complied with D. Kan. Rule 54.2.  This failure—on its own—could justify denying plaintiffs' motion for attorney's fees.  *See Magallanes v. Colvin*, No. 14-1217-EFM,

6

2016 WL 4733862, at *3 (D. Kan. Sept. 12, 2016) (denying motion for "fail[ure] to file a timely statement of consultation as required by D. Kan. Rule 54.2" where plaintiff's counsel was "on notice" of noncompliance after defendant's response but still didn't comply). But, as explained above and below, there are other, independent reasons for denying plaintiffs' motion.

### C. Basis for Removal

Given plaintiffs' timeliness and rule departure problems, the court could decline to consider the merits of plaintiffs' motion. But, out of an abundance of caution—and given that the timeliness question is an open one in our Circuit—the court addresses the merits of plaintiffs' motion. And the substance of their motion provides an independent reason to deny it.

To win an award of attorney's fees, plaintiffs must show defendants "lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. This is a high bar. Indeed, in plaintiffs' primary case cite from our court, Judge Robinson granted attorney's fees to a plaintiff where defendants, residents of Kansas, had removed the action to our court—plainly violating 28 U.S.C. § 1441(b). *Given v. David*, No. 09-2143-JAR, 2009 WL 10707849, at *1–2, 3 (D. Kan. Aug. 5, 2009) (concluding that under "the plain language of § 1441(b), this case is not removable because defendants are both citizens of the State in which this action was brought[,]" and so the case presented "one of the unusual instances" where the court should award fees (emphasis omitted)). Plaintiffs also cite a case from another district court in our Circuit where defendants removed a case based on allegedly fraudulent joinder. *See Eye Assocs. of N.M., Ltd. v. Cincinnati Ins. Co.*, No. CV 21-76 SCY/LF, 2021 WL 2416474 (D.N.M. June 14, 2021). The court in that case rejected defendants' fraudulent joinder arguments and concluded that removal was improper. *Id.* at *2–3. But the court *denied* plaintiffs' request for attorney's fees—even though defendants "did not apply the correct fraudulent joinder standard," and didn't cite any

authority to support their theory for removal.  *Id.* at *4.  The court reasoned that even "though Defendants did not present a strong argument, it was at least objectively reasonable" given the theory of plaintiffs' case.  *Id.*

The court reaches the same conclusion here.  While the court already rejected defendants' fraudulent joinder arguments and determined that removal was improper, it can't conclude that defendants' basis for removal was objectively unreasonable.  To be sure, the court used some strong language in rejecting defendants' arguments for removal.  *See, e.g.*, Doc. 16 at 10–11 (characterizing one of defendants' arguments as coming "perilously close to misrepresentation" and rejecting that argument because it "improperly reframe[d] the claims [plaintiffs] make").  But this language doesn't suggest that defendants "lacked an objectively reasonable basis for seeking removal."  *Martin*, 546 U.S. at 141.  The fraudulent joinder theory that defendants advanced required a complex legal analysis.  Indeed, the court's remand Order spanned 22 pages as it addressed defendants' arguments that plaintiffs couldn't state a claim against the non-diverse defendants in state court.  Ultimately, the court concluded those arguments lacked merit.  But they weren't objectively unreasonable.  They weren't like the cases plaintiffs have cited, where there clearly was no basis for removal and so our court awarded fees.  *See, e.g.*, *Given*, 2009 WL 10707849, at *3 (awarding fees where in-state defendants removed to federal court); *see also Mahieu Elder L., P.A. v. Bradshaw*, No. 18-CV-1185-EFM, 2018 WL 3861195, at *1–2 (D. Kan. Aug. 14, 2018) (awarding fees where the parties plainly were non-diverse, the state court petition raised only a state-law claim, and defendant "filed his notice of removal well over a year after the deadline to do so expired").

In short, this case doesn't present "one of the unusual instances" where defendants' basis for removal was objectively unreasonable.  *Given*, 2009 WL 10707849, at *3.  The court

concludes that defendants' basis for removal was objectively reasonable, and thus denies plaintiffs' request for fees.

## IV.    Conclusion

The court denies plaintiffs' Motion for Attorney's Fees primarily because it is untimely under Fed. R. Civ. P. 54(d)(2)(B) and because it fails to comply with D. Kan. Rule 54.2.  But also, the motion lacks merit.  Defendants' removal to federal court was improper, but it wasn't objectively unreasonable.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' Motion for Attorney's Fees (Doc. 18) is denied.

**IT IS SO ORDERED.**

**Dated this 9th day of February, 2022, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**